1846.

YATES
v.
WOODRUFF.

---

YATES and others, Trustees, &c. *v.* WOODRUFF *et al.*(a)

---

Default against a mortgagor refused to be opened in a mortgage case after decree and enrolment, although a sale thereunder was set aside and a large deficiency was found against the mortgagor.

A decree ordered a sale of mortgaged premises to be made by a master residing in the city of New York, but it was made by a master residing in Brooklyn, King's County: the court set aside the sale, although a purchaser had taken his deed.

---

*June* 24 and 25, 1846.

*Practice.*
*Opening*
*default.*
*Mortga-*
*gor and*
*Mortga-*
*gee.*
*Decree.*
*Sale.*
*Master's*
*Sale.*

THE bill of foreclosure in this case was filed on the first day of February in the year one thousand eight hundred and forty-two. It was grounded on a mortgage made by the defendant Oliver Woodruff and his wife. The bill had been taken as confessed against them for want of appearance. On the ninth day of July one thousand eight hundred and forty-five, a decree for sale was made, wherein it was directed that the mortgaged premises should be sold under the direction of "one of the masters of this court residing in the city of New York." It was put into the hands of A. V. Millard, Esquire, a master residing in Brooklyn, King's County, who made the sale. The property had been purchased by Isaac T. Greenwood, who paid the purchase money and received a deed from the master. The decree

(a) Affirmed on appeal.

made the defendant Woodruff liable for the deficiency be-
tween the amount due on the mortgage and the sum for
which the property sold, which was nearly nine thousand
dollars. The decree was enrolled on the fourth day of No-
vember, one thousand eight hundred and forty-five.

The defendant Oliver Woodruff now presented a petition,
alleging that he had no recollection of the service of the
subpœna to appear and answer on himself or on his wife,
nor could he, on a search amongst his papers, find any such
subpœna. That he always relied on one George D. Strong
to attend to the said mortgage and save harmless the said
petitioner: for that it was made for his accommodation.
And the petitioner went on to show how it was executed
without any consideration ; and also that certain rents in a
receiver's hands had not been applied to lessen the amount -
of deficiency. Also, that he was not aware of the master's
sale nor of the decree until some time in January last. He
prayed that the decree might be opened and he let in to de-
fend ; and that the sale be set aside or vacated, &c.

Mr. *Bliss* and Mr. *Cutting*, for the defendant Oliver
Woodruff.

Mr. *Noyes*, for the complainants.

Mr. *H. F. Clarke*, for the purchaser Greenwood.

THE VICE-CHANCELLOR:—Held, that the defendant made
his application at too late a day to be let in to defend this
suit. He did not excuse the delay ; nor show any sufficient
reason why he had omitted to answer the bill in proper sea-
son, if he really had any defence to make.

This branch of the motion was denied.

But he was of opinion that the sale by master Millard,
under the decree—which directed a sale by a master " re-
siding in the city of New York"—and he residing in King's
County—was irregular and void ; and that there must be a
resale, by a master "residing in the city of New York.(*a*)

(*a*) See *Fuller* v. *Van Geesen*, 4 Hill's R. 176.